■ . In the Matter of FLORENCE BOLATIN, Respondent, v. BEN BELFER, Appellant.— In cross proceedings to modify, as to support, a certain order of the Supreme Court, Nassau County, as amended, the appeal is from an order of the Family Court, Nassau County, dated March 31, 1971, which *inter alia* (1) granted respondent's petition to the extent of (a) increasing support payments for one son of the parties, (b) ordering appellant to pay certain other expenses of both sons and to reimburse respondent for expenses incurred by her on behalf of said children and (c) awarding respondent's attorney a counsel fee; and (2) denied appellant's cross petition. Order modified, on the facts, by (1) reducing, in the second decretal paragraph thereof, the amount awarded for support of son Marc from $35 to $25 per week; (2) striking out the third decretal paragraph thereof and substituting a provision directing that appellant shall pay for all of son Perry's necessary tuition, books, room and board while at college, in addition to $15 a week for his spending money; and shall also pay for all of his necessary dermatology expenses, not to exceed $500 yearly over and above the amount reimbursable under appellant's Blue Shield and major medical coverage, in addition to $40 per week for his psychotherapy as long as psychiatric sessions for him are necessary; (3) striking out the fourth and fifth decretal paragraphs thereof and substituting therefor a provision directing that appellant shall pay $60 per week for son Marc's psychotherapy as long as psychiatric sessions for him are necessary, in addition to all his medical expenses, not to exceed $500 yearly over and above the amount reimbursable under appellant's Blue Shield and major medical coverage; and (4) reducing, in the tenth decretal paragraph thereof, the amount of the counsel fee award from $2,500 to $1,500. As so modified, order affirmed, without costs. The counsel fee, as hereby reduced, shall be paid within 10 days after service of a copy of the order to be made hereon, with notice of entry. In our opinion, the decretal provisions of the Family Court order relating to appellant's obligations for his sons' medical expenses were entirely too broad and exposed appellant to unlimited liability. Our modification takes into consideration appellant's expressed willingness to provide for the medical, educational and support requirements of his children insofar as his income allows and yet amply provides for the specific needs of the children. With respect to the support payments for Marc, we feel that $25 per week is adequate, especially considering the fact that appellant is obligated to assume all of the medical expenses. In our opinion the legal services rendered by respondent's attorney did not warrant compensation in excess of $1,500. Shapiro, Acting P. J. Gulotta, Christ, Brennan and Benjamin, JJ., concur.